IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

BETHANY MANLEY,
individually and on behalf of a class of persons,

Plaintiff,

v.                                                                    CIVIL ACTION NO. 3:25-0159

NATIONSTAR MORTGAGE LLC,
d/b/a Mr. Cooper, and
MORTGAGE CONNECT LP,

Defendants.

MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Mortgage Connect LP's Motion to Dismiss "Amended Class

Action Complaint" (ECF No. 24, Def.'s Mot.). For the reasons stated below, the Court **DENIES**

the Motion.

BACKGROUND

According to Plaintiff Bethany Manley's Amended Complaint, Plaintiff took out a

mortgage in 2019. *See* ECF No. 16, Am. Compl. ¶ 5. To consummate the mortgage, Plaintiff

executed a note ("Note"), *see* ECF No. 31, Pl.'s Resp., Ex. 1, and a deed of trust ("Deed of Trust"),

Def.'s Mot., Ex. B. The Note provides that, "[i]f the Note Holder has required me to pay

immediately in full as described above, the Note Holder will have the right to be paid back by me

for all of its costs and expenses (except attorneys' fees) in enforcing this Note to the extent not

prohibited by applicable law." Pl.'s Resp., Ex. 1 § 6(E). The Deed of Trust, meanwhile, states:

> If (a) Borrower fails to perform the covenants and agreements contained in this
> Security Instrument, (b) there is a legal proceeding that might significantly effect
> [sic] Lender's interest in the Property and/or rights under this Security Instrument

(such as a proceeding in bankruptcy . . . ), or (c) Borrower has abandoned the Property, then Lender may do and pay for whatever is reasonable or appropriate to protect Lender's interest in the Property and rights under this Security Instrument . . . . Lender's actions can include . . . paying reasonable attorney's fees to protect its interest in the property and/or rights under this Security Instrument, including its secured position in a bankruptcy proceeding.

Def.'s Mot., Ex. B § 9. The Deed of Trust also authorizes the lender "to collect all expenses incurred in pursuing" all remedies for a breach "as permitted by Applicable Law." *Id.* § 22. Finally, it provides that, "Trustee shall apply the proceeds" of a foreclosure sale first to "all expenses of the sale . . . ." *Id.*; *see also id.* ("In the event that foreclosure proceedings are instituted hereunder but are not completed, Trustee shall be reimbursed for all costs and expenses incurred by it in commencing such proceedings; and all costs and expenses so uncured . . . shall . . . become a part of the obligations secured hereby and shall be collectible as such.").

Plaintiff claims "the right to service [the] loan and collect . . . loan payments was transferred to" Defendant Nationstar Mortgage LLC in 2022. *Id.* ¶ 8. She alleges she "began receiving debt collection letters from . . . Nationstar indicating that her loan was in default." *Id.* ¶ 8. One such letter ("Notice") stated that, "[u]nder the terms of the Note and Security Instrument, all expenses incurred in pursuing the remedies provided in the Note and Security Instrument, and allowed by applicable law, may be collected, which may include, but are not limited to, reasonable attorneys' fees . . . ." Def.'s Mot., Ex. A 4. According to the Amended Complaint, the Notice "was prepared and mailed" by Mortgage Connect. *See* Am. Compl. ¶ 9. Plaintiff claims Mortgage Connect has sent similar letters to other West Virginia consumers. *See id.* She also alleges attorneys' fees have, in fact, "been assessed to Plaintiff and other borrowers' accounts with properties located in West Virginia." *Id.* ¶ 17.

Plaintiff sued Nationstar in West Virginia Circuit Court. *See* ECF No. 1, Ex. A 7. Nationstar removed the suit to federal court. *See* ECF No. 1. Plaintiff then amended her complaint to add Mortgage Connect as a defendant. *See* Pl.'s Resp. 2.

Plaintiff claims the Notice and similar letters sent to other consumers violate multiple provisions of the West Virginia Consumer Credit and Protection Act (WVCCPA). *See* Am. Compl. ¶¶ 38, 40. In particular, she asserts Defendants violated West Virginia Code §§ 46A-2-127(d), 127(g), 128(c), and 128(d) by claiming they could collect attorneys' fees incurred enforcing Plaintiff's repayment obligations. *See id.* ¶¶ 37–38.

## LEGAL STANDARD

To survive a 12(b)(6) motion to dismiss, a complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The "[f]actual allegations must be enough to raise a right to relief above the speculative level . . . ." *Id.* at 555. While the complaint "does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (internal citations omitted) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

"[M]atters outside the pleadings are generally not considered on a Rule 12(b)(6) motion . . . ." *Shore v. Charlotte-Mecklenburg Hosp. Auth.*, 412 F. Supp. 3d 568, 573 (M.D.N.C. 2019). "Nonetheless, a court may consider a document outside the complaint at the motion to dismiss stage when the document is 'integral to the complaint and there is no dispute about the document's authenticity.'" *Doriety for Est. of Crenshaw v. Sletten*, 109 F.4th 670, 679 (4th Cir. 2024) (emphasis in original omitted) (quoting *Goines v. Valley Cmty. Servs. Bd.*, 822 F.3d 159, 168 (4th Cir. 2016)). A court may also consider "matters of public record . . . ." *Philips v. Pitt Cnty. Mem.*

*Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009). Here, the Note and Notice are integral to Plaintiff's Amended Complaint. *See* Am. Compl. ¶¶ 8, 19, 37–38. The Deed of Trust, meanwhile, is a public record. *See* Def.'s Mot. 3 n.2. Accordingly, the Court has considered all three documents in ruling on Mortgage Connect's Motion.

## ANALYSIS

By Plaintiff's account, the Notice's claim about attorneys' fees violated state law because such fees are not, in fact, recoverable under state law or the Note. *See* Pl.'s Resp. 3. If such fees are not legally recoverable, argues Plaintiff, the Notice's claim that Nationstar could collect attorneys' fees was false. *See id.* at 11–12; *see also* W. Va. Code 46A-2-127(d) (prohibiting "[a]ny false representation or implication of the character, extent or amount of a claim against a consumer, or of its status in any legal proceeding"). Mortgage Connect argues Plaintiff fails to state a claim because state and federal law, as well as the Deed of Trust, allow Nationstar to collect attorneys' fees. *See* ECF No. 25, Def.'s Mem. 1–2; ECF No. 33, Def.'s Reply 12. Accepting the allegations in the Amended Complaint as true, the Court finds Plaintiff's arguments more persuasive.

W. Va. Code § 46A-2-128(c) generally prohibits lenders from collecting or attempting to collect attorneys' fees spent to enforce the borrower's repayment obligations. *See Universal Bank, N.A. v. Machinic* (*In re Machinic*), 271 B.R. 789, 793 (Bankr. S.D. W. Va. 2002);[1] W. Va. Code § 46A-2-128(c) (forbidding "[t]he collection or the attempt to collect from the consumer all or any part of the debt collector's fee or charge for services rendered"). Mortgage Connect argues subsection 128(c) would not apply to attorneys' fees incurred as part of a foreclosure sale, since "pursuing foreclosure clearly is not a 'service rendered,' nor does it involve the attempt to collect

---

[1] Mortgage Connect argues *In re Machinic*'s holding does not apply here because the debt at issue in that case was credit card debt, rather than a mortgage. *See* Def.'s Reply 3. But Mortgage Connect has not explained why this distinction is meaningful; nothing in *In re Machinic* suggests its holding was based on the type of debt at issue.

from the consumer 'all or any part of the debt collector's fee.'" Def.'s Reply 14. The Court does not understand why attorney assistance with a foreclosure sale would not be a "service rendered." Perhaps Mortgage Connect believes "service rendered" means a service provided to the consumer. But such an interpretation effectively adds language to the statute which the legislature did not include. *See Longwell v. Bd. of Educ.*, 583 S.E.2d 109, 114 (W. Va. 2003) ("It is not for courts arbitrarily to read into a statute that which it does not say." (quoting *Williamson v. Greene*, 490 S.E.2d 23, 28 (W. Va. 1997))).

W. Va. Code § 46A-2-128(d), meanwhile, prohibits a lender from charging attorneys' fees unless a statute affirmatively authorizes it to do so. *See* W. Va. Code § 46A-2-128(d) (prohibiting "[t]he collection of or the attempt to collect any interest or other charge, fee or expense incidental to the principal obligation unless such interest or incidental fee, charge or expense is expressly authorized by the agreement creating or modifying the obligation *and by statute or regulation*" (emphasis added)).[2] Mortgage Connect argues three statutes—W. Va. Code §§ 38-1-7 and 46A-2-115 and 11 U.S.C. 506—provide such authorization.

The Court disagrees that W. Va. Code § 46A-2-115 authorizes collecting attorneys' fees with respect to Plaintiff's mortgage. Subsection 115 authorizes lenders to charge costs related to title examinations and foreclosure sales, *see* W. Va. Code § 46A-2-115(b)(2), (f), but it only applies to "consumer credit sale[s]" and "consumer loan[s]," *id.* § 46A-2-115(a). Plaintiff's mortgage is neither. It is not a consumer credit sale because it is not "a sale of goods, services or an interest in

---

[2] Since subsection 128(d) prohibits an unauthorized collection of attorneys' fees, a representation that a lender can collect unauthorized fees violates W. Va. Code § 46A-2-127(g). Subsection 127(g) prohibits "[a]ny representation that an existing obligation of the consumer may be increased by the addition of attorney's fees, investigation fees, service fees or any other fees or charges when in fact such fees or charges may not legally be added to the existing obligation . . . ." Because subsection 128(d) prohibits the unauthorized collection of attorneys' fees, such fees "may not legally be added to" the borrower's debt.

land . . . ." *Id.* § 46A-1-102(13) (defining "consumer credit sale"). It is not a "consumer loan" because nothing in the Amended Complaint, Note, Deed of Trust, or Notice suggests it:

> (A) [was] [o]riginated by a bank or savings and loan association, . . .; (B) [is] held by a federal home loan bank, the federal National Mortgage Association, the federal Home Loan Mortgage Corporation, the Government National Mortgage Association, the West Virginia Housing Development Fund; or (C) [is] insured or guaranteed by the Farmers Home Administration, the Veterans Administration or the Department of Housing and Urban Development.

*Id.* 46A-2-115(b)(1) (defining "consumer loan").

W. Va. Code § 38-1-7, however, would authorize Nationstar to charge attorneys' fees in certain circumstances. Section 38-1-7 requires a "trustee" to "apply the proceeds of" a foreclosure sale "first to the payment of expenses attending the execution of the trust . . . ." *Id.* § 38-1-7(a). Plaintiff argues § 38-1-7 "applies only to 'trustee' expenses" and does not "authorize[] the collection of any foreclosure-related fees, expenses or charges by the creditor or any debt collector." Pl.'s Resp. 18. But nothing in the statute supports Plaintiff's proposed limitation on expense recovery. *See Longwell*, 583 S.E.2d at 114 ("It is not for courts arbitrarily to read into a statute that which it does not say." (quoting *Williamson*, 490 S.E.2d at 28)). Attorneys' fees incurred by Nationstar may well constitute "expenses attending the execution of the trust."

11 U.S.C. § 506(d) would also allow Nationstar to collect attorneys' fees if Plaintiff's mortgage debt became the subject of bankruptcy proceedings, and if the value of Plaintiff's home exceeded the outstanding loan balance. *See* 11 U.S.C. § 506(b); *see also Walker v. Wells Fargo Home Mortg. Inc. (In re Walker)*, No. 06-ck-00493, 2010 Bankr. LEXIS 2279, at *15 (Bankr. N.D. W. Va. Mar. 30, 2010) (holding § 506(b) preempts the WVCCPA to the extent it forbids charging fees a lender may recover under federal law).

Despite this statutory authorization, Plaintiff has stated a claim under the WVCCPA. The Notice's statement about attorneys' fees, even if technically accurate, was unlawfully misleading.

-6-

W. Va. Code § 46A-2-127(d) prohibits not just false representations, but also false "*implication[s]* of the character, extent or amount of a claim against a consumer . . . ." (emphasis added) By stating Nationstar could collect "*all* expenses incurred in pursuing the remedies provided in the Note and Security Instrument," Def.'s Mot., Ex. A 4 (emphasis added), the Notice falsely implied Nationstar was able to charge expenses outside the foreclosure or bankruptcy context.[3]

Finally, even if the Notice was neither false nor misleading with respect to the Deed of Trust, there is no question that, under the terms of the Note, Nationstar may not recover attorneys' fees expended to enforce the Note. *See* Pl.'s Resp., Ex. 1 § 6(E). The Notice, then, falsely states that "all expenses incurred in pursuing the remedies *provided in the Note* . . . may be collected . . . ." Def.'s Mot., Ex. A 4 (emphasis added). This, on its own, justifies denying Mortgage Connect's Motion.

## CONCLUSION

The Court **DENIES** Defendant Mortgage Connect's Motion to Dismiss "Amended Class Action Complaint" (ECF No. 24).

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented parties.

---

[3] Including the phrase "and allowed by applicable law" in the statement at issue does not make it lawful. *Cf. Orlando v. Fin. One of W. Va., Inc.*, 369 S.E.2d 882, 887 (W. Va. 1988) (holding a statement in a loan agreement was misleading and violated the WVCCPA even though the statement included "to the extent permitted by law"). Considering the Notice from the perspective of the "least sophisticated consumer," the Notice includes a false implication even with the "and allowed by applicable law" clause. *See Elyazidi v. Suntrust Bank*, 780 F.3d 227, 234 (4th Cir. 2015) ("[I]n assessing whether a debt collector's representation is misleading, we view the representation 'from the vantage of the least sophisticated consumer.'" (quoting *Russell v. Absolute Collection Servs., Inc.*, 763 F.3d 385, 394 (4th Cir. 2014))); *Oakley v. Coast Pro., Inc.*, CIV. A. NO. 1:21-00021, 2023 WL 7171467, at *7 (S.D. W. Va. Oct. 21, 2023) ("In evaluating claims under the WVCCPA, courts have looked to the least sophisticated consumer standard.").

ENTER:        June 23, 2026

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE

-8-